**In re M.E.S., INC., Debtor–Appellant.**

**Civ. No. 92–1036 GG.**

United States District Court,
D. Puerto Rico.

Oct. 21, 1992.

Modesto Bigas Méndez, Ponce, PR, for debtor.

Alejandro Oliveras, Hato Rey, PR, Asst. U.S. Trustee.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an appeal by debtor-appellant challenging the rejection by the bankruptcy judge of appellant's amended disclosure statement. Appellant's request to strike the order of the bankruptcy judge refusing to disqualify herself is actually not before us because it refers to another case and not this one. In this alone we agree with debtor-appellant and part company immediately.

The challenge to the denial of appellant's amended disclosure statement is frivolous and cannot prevail. Bankruptcy Judge Sara de Jesús Kellog found the original disclosure statement deficient and appellant filed a second one, which fared no better. This second statement is at issue here. At a February 6, 1991 hearing, the bankruptcy judge found serious inconsistencies in the amended disclosure statement.

Eventually, an examiner appointed by the court found the amended disclosure statement deficient in many areas, in addition to the ones pointed out by the bankruptcy judge. Even though we find that the arguments raised by appellant are frivolous, we choose to address them solely for purposes of completeness.

### I

■ Appellant argues that Judge de Jesús should have approved the amended disclosure statement without a hearing or further questioning. Appellant cites *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973 (Bankr.N.D.N.Y.1988), Rule 3017(a) of the Federal Rules of Bankruptcy Procedure, and *Collier's Bankruptcy Manual*, § 1125.04[3] in support of its position. Likewise, appellant argues that in any event, the judge should have approved the amended disclosure statement as her objections referred to only two out of forty nine pages of the same.

■ Far from supporting appellant's assertions, the case of *In re Copy Crafters*, cited by appellant, clearly establishes that the court will base its approval, not on the individuals opposing the statement, but on whether the plan complies with Section 1129(a) of the Bankruptcy Code, and contains information that enables all creditors and equity shareholders to make an intelligent and informed decision as to whether accept or reject the plan. *In re Copy Crafters*, 92 B.R. at 980; *see also In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D.Ill.1987).

Rule 3017(a) does not help appellant's case, as it relates to the bankruptcy judge's power to approve or disapprove a disclosure statement after a hearing. Nor does *Collier's Bankruptcy Manual*, § 1125.-04[3] offer any support to appellant. There it is explicitly stated that, absent any objections, affirmative action by the court "is not required." Thus, appellant's argument rings hollow because of lack of substance.

We find that the bankruptcy judge properly exercised her discretion not to approve the unopposed disclosure statement, as she had more than enough reason to believe that the statement contained serious inaccuracies. Not to belabor the obvious, we note that judges are not rubber stamps of lawyers' demands, even when those demands are unopposed.

### II

■ Appellant avers that the court erred in denying the disclosure statement on the basis of the judge's questioning of the accountant about the statement's discrepancies. It is claimed that the court, admittedly, has no accounting experience and consequently used her law clerk's accounting expertise to reach her conclusions. Appellant argues that it should have been given an opportunity to cross-examine the judge's law clerk.

We find ludicrous appellant's implication that the bankruptcy judge needed an accounting background to question appellant's defective disclosure statement. Apparently, debtor-appellant ignores that resolving problems and controversies on arcane subjects, with no prior experience, is

grist for the judge's mill. We do it everyday.

■ Equally meritless is appellant's contention that hearsay considerations give appellant the right to cross-examine the judge's law clerk due to the judge's statement that the law clerk assisted her in interpreting the disclosure statement. Section 1 of the *Federal Judicial Center's Law Clerk Handbook,* establishes in relevant part that:

A law clerk is a lawyer employed to assist a judge with as many administrative, clerical, and basic legal tasks as possible, so as to leave the judge more time for judging and critical decision-making. ... Many judges discuss pending cases with their law clerks and confer with them about decisions. ... The bankruptcy court clerk likewise participates in the broad range of tasks performed by the bankruptcy judge as a trial judge.

Pp. 1–2.

■ Clearly Judge de Jesús was entitled to seek and benefit from her law clerk's knowledge of accounting. Moreover, we are convinced by the record that, as exemplified by her careful questioning of appellant's accountant, she never delegated to her law clerk her duty to make the ultimate decision in this case. We remind appellant that law clerks are "simply extensions of the judges at whose pleasure they serve." *Oliva v. Heller,* 839 F.2d 37, 40 (2d Cir.1988), citing *Oliva v. Heller,* 670 F.Supp. 523, 526 (S.D.N.Y.1987). The presiding judge at a trial may not testify as a witness in that trial. Rule 605 of the Federal Rules of Evidence. Nor can a judge be subpoenaed to testify. *United States v. Alberico,* 453 F.Supp. 178 (D.Colo.1977). Allowing cross-examination of a presiding judge would convert him or her into a witness. *See also Ouachita National Bank v. Tosco Corp.,* 686 F.2d 1291 (8th Cir.1982), *on rehearing,* 716 F.2d 485 (8th Cir.1983). Since a judge cannot testify in a case in which he/she is presiding, it follows that the judge's law clerk, who is an extension of the judge, also may not testify.

The above can be expressed in a classical Aristotelian syllogism:

Major premise: An attorney cannot cross-examine the presiding judge regarding matters already decided or under the consideration of the judge;

Minor premise: Law clerks are extensions of the judge.

Conclusion: An attorney cannot cross-examine a law clerk under the above premises.

### III

■ Again without the support of authorities, appellant argues that Section 1107 of the Bankruptcy Code confers upon the debtor in possession an unfettered discretion to deal with matters such as a disclosure statement. We disagree. Section 1107 expressly states that the debtor in possession shall have all the powers and rights of a trustee, subject to any statutory limitations on a trustee and to such limitations or conditions as the court may prescribe.

### IV

■ Appellant argues that the court abused its discretionary duty by placing appellant in the "untenable position" of ultimately having to accept the appointment of a receiver. The judge, after questioning the accountant and finding inconsistencies in the statement, told appellant that he had the choice of either seeking the appointment of a trustee or agreeing to an examiner. The appellant instead wanted to "sit down with the accountant to get an explanation from him." We find that the judge adequately exercised her discretion to decide how to deal with the statement's inconsistencies, especially considering the evidence on the record that the debtor had already presented a totally inadequate disclosure statement.

### V

■ Appellant argues that it should have been allowed ten days to file a clarification as to the concerns raised by the judge concerning the disclosure statement, and cites due process "considerations," a reasonableness standard, and the fourteenth amendment. Again we find the debtor's argument frivolous. The applica-

**4**

tion of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 come to mind when the court is confronted with allegations like these. We find that, as with appellant's previous argument, it was within the judge's province to grant or deny the extension of time in light of the evidence available on the record.

### VI

Other arguments by appellant are so frivolous that they deserve no further mention. This appeal is so lacking in merits that we have considered punishing appellant's attorney Modesto Bigas Méndez under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. We have decided against this course of action because to our knowledge, this is the first time that Mr. Bigas Méndez practices before the undersigned. But beware: next time we may not be so lenient.

Wherefore, in view of the above, we hereby deny appellant's motion regarding the amended disclosure statement. We also deny appellant's request regarding the bankruptcy judge's decision rejecting the statement and appointing an examiner. This case is returned to the Bankruptcy Court.

SO ORDERED.